# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CARREA, Jr. CDCR #P-77287, <br><br> Plaintiff, <br><br> vs. <br><br> SAN DIEGO COUNTY, et al. <br><br> Defendants. | Civil No.   13cv3149 GPC (NLS) <br><br> **ORDER:** <br><br> **(1) DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) (ECF Doc. No. 3)** <br><br> **(2) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT (ECF Doc. No. 2)** <br><br> **AND** <br><br> **(2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

Christopher Carrea, Jr. ("Plaintiff"), who is currently incarcerated at California Rehabilitation Center ("CRC") in Norco, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

Plaintiff seeks damages and injunctive relief against various San Diego County officials, including the County's Chief Administrative Officer, Public Defender, Sheriff,

and the Office of Assigned Counsel, as well as several individual public defenders and sheriff's deputies, for failing to provide him with adequate legal support or law library materials and interfering with his mail while he was detained at the San Diego County Jail and proceeding in propria persona during state court criminal proceedings. *See* Compl. at 3-4, 9, 11, 13-17. Plaintiff seeks general and punitive damages as well as injunctive relief. *Id.* at 21.

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion for Extension of Time in which to submit a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF Doc. No. 2). Plaintiff has since filed his Motion to Proceed IFP however, together with the trust account statements required by 28 U.S.C. § 1915(a)(2) (ECF Doc. No. 3).

# I.
# Motion to Proceed IFP

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. *See* 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The

objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.
## Application of 28 U.S.C. § 1915(g)

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that there is no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). As noted above, Plaintiff alleges Defendants failed to provide him with sufficient "ancillary" legal support services while he was in County custody and representing himself in San Diego Superior Court criminal proceedings. *See* Compl. at 3-4, 9, 11, 13-17. Nothing in Plaintiff's Complaint suggests he faced any "'ongoing danger" of serious physical injury sufficient to "meet the imminence prong of the three-strikes exception" at the time he filed his Complaint. *Cervantes*, 493 F.3d at 1057. Therefore, Plaintiff may be barred from proceeding IFP in this action if he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g).

/ / /

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice of its own docket, as well as the courts' dockets in the Central and Eastern Districts of California, and finds that Plaintiff Christopher Carrea, Jr., CDCR #P-77287, has had at least *six* prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

They are:

1) *Carrea v. Los Angeles County, et al.*, Civil Case No. 2:00-cv-09542-CAS-MLG (C.D. Cal. West. Div. Feb. 11, 2002) (Report and Recommendation ["R&R"] to Dismiss Amended Complaint for failing to state a claim upon which relief may be granted) (ECF Doc. No. 38); (March 28, 2002 Order Adopting R&R) (ECF Doc. No. 39); and (Dec. 30, 2002 Certified Copy of Appellate Court Order dismissing 9th Cir. Court of Appeal No. 02-56051 & Mandate) (ECF Doc. Nos. 45, 46) (strike one);

2) *Carrea v. University of San Diego, et al.*, Civil Case No. 3:03-cv-01151-BTM-BEN (S.D. Cal. Aug. 19, 2003) (Order denying motion to proceed IFP and dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A) (ECF Doc. No. 3) (strike two);

3) *Carrea v. University of California, et al.*, Civil Case No. 2:03-cv-04317-UA-MAN (C.D. Cal. West. Div. Sept. 3, 2003) (Order denying application to proceed IFP and dismissing action "as legally and/or factually frivolous") (ECF Doc. No. 6) (strike three);

4) *Carrea v. State of California, et al.*, Civil Case No. 3:03-cv-01956-K-POR (S.D. Cal. April 30, 2004) (Order dismissing case for failing to pay filing fees or move

C:\Users\lc2curiel\AppData\Local\Temp\11\notes66F5D4\13cv3149-deny-IFP-1915(g).wpd        4        13cv3149 GPC (NLS)

to proceed IFP and for failure to state a claim pursuant to 28 U.S.C. § 1915A (ECF Doc. No. 2) (strike four);

  5) *Carrea v. San Diego County, et al.*, Civil Case No. 3:09-cv-00371-W-BLM (S.D. Cal. March 2, 2009) (Order dismissing civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and denying motion to proceed IFP as moot) (ECF Doc. No. 8); (Sept. 9, 2009 Order and Mandate of USCA dismissing 9th Cir. Appeal No. 09-55491) (ECF Doc. No. 19) (strike five); and

  6) *Carrea v. State of California, et al.*, Civil Case No. 1:10-cv-01004-OWW-GSA (E.D. Cal. Nov. 10, 2010) (Order dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2) (ECF Doc. No. 6); (Dec. 15, 2010 Findings and Recommendations ["F&R"] Regarding Plaintiff's Failure to Follow a Court Order requiring amendment) (ECF Doc. No. 7); (Jan. 26, 2011 Order Adopting F&Rs and Judgment) (ECF Doc. Nos. 8, 9) (strike six).[1]

  Accordingly, because Plaintiff has, while incarcerated, accumulated twice the number of "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

/ / /

/ / /

/ / /

---

[1] The Court notes Plaintiff's IFP status was also revoked pursuant to 28 U.S.C. § 1915(g) in *Carrea v. Barnhart, et al.*, S.D. Cal. Civil Case No. 3:07-cv-00440-DMS-CAB (May 12, 2008 Order sua sponte revoking Order granting Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(g)) (ECF Doc. No. 45).

## III.

## Conclusion and Order

For the reasons set forth above, the Court hereby:

1) DENIES Plaintiff's Motion to Proceed IFP (ECF Doc. No. 3) as barred by 28 U.S.C. § 1915(g), and his Motion for Extension of Time (ECF Doc. No. 2) as moot;

2) DISMISSES this action without prejudice based on Plaintiff's inability to proceed IFP and his failure to prepay the $400 civil filing and administrative fee required by 28 U.S.C. § 1914(a), and

3) CERTIFIES that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk is instructed to close the file.

**IT IS SO ORDERED.**

DATED: May 9, 2014

HON. GONZALO P. CURIEL
United States District Judge